**IMG-072** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3975
_____

DALI MA,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089 203 802)
Immigration Judge:  Honorable Susan Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: May 21, 2012)
_____

OPINION
_____

PER CURIAM

        Dali Ma petitions for review of a decision of the Board of Immigration Appeals

("BIA") dismissing his appeal of an Immigration Judge's ("IJ") decision denying his

applications for relief from removal. For the reasons that follow, we will deny the petition for review.

Dali Ma is a native and citizen of China who came to the United States in October 2007. The Department of Homeland Security issued a notice to appear charging that Ma is subject to removal because he lacked a valid travel document at the time of his entry. Through counsel, Ma conceded that he is removable from the United States. Ma applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Ma claimed that he was persecuted in China on account of his resistance to China's family planning policies.

In support of his applications, Ma testified that, after the birth of his daughter, family planning officials forced his wife to have an IUD inserted. Ma and his wife later had the IUD removed and Ma's wife learned she was pregnant in April 2007. Ma's wife hid at her sister's house so that family planning officials would not discover the pregnancy. On May 12, 2007, however, family planning officials went to Ma's sister-in-law's home and took his wife in order to perform an abortion. Ma picked up a chair and threatened one of the officials, who called the police. The police arrested Ma and detained him until May 18, 2007.

Ma further testified that the police tied him to a pipe and beat him with leather belts and batons on his head, shoulders, and back every day during the week he was detained. Ma stated that he suffered soft tissue injuries until the last day of his detention, when the police hit him over the head with a chair and his head began to bleed. The

police then contacted his brother, who paid a fine on his behalf. The police released Ma and he immediately sought medical treatment for his head injury. On cross-examination, the Government pointed out that, although Ma had testified that he was severely beaten for a week, his medical record only reflects his head injury.

The IJ found Ma not credible. The IJ explained that Ma's testimony was initially consistent with his written affidavit but began to unravel on cross-examination. The IJ stated that Ma's testimony was not forthright or understandable when he was asked about the level of harm he suffered while he was in detention. The IJ found that Ma's medical record shows that he suffered a head injury requiring stitches, but that the medical record does not reflect that Ma suffered any other injuries and he could not give a clear explanation for this omission.

The IJ also noted that the medical report reflects that Ma's head injury was inflicted a half an hour before he arrived at the hospital. The IJ found it implausible that within a half an hour of the injury the police could have called his brother, his brother could have come to the station to pay the fine, and his brother could have taken Ma to the hospital. The IJ also questioned why the police released Ma to seek medical attention instead of taking him for treatment themselves, but stated that she need not speculate about these events. The IJ stated that the receipt for the fine reflected other inconsistencies, including that Ma, and not his brother, had paid the fine, and that the fine was levied for a Social Security violation. The IJ also noted that Ma first testified that he had confessed to violating family planning policies before he was hit over the head, but

3

later stated that he did not admit his guilt until after he was hit over the head.

The IJ further found that other documents Ma had submitted did not fully support his claim. The IJ stated that Ma had submitted a letter from his wife and she did not mention that he was detained for a week, that he had suffered a head injury, or that his brother had paid the fine. The IJ also did not give any weight to a document submitted to corroborate the forced abortion because there was an error in the translation, which called the document into question. Having found Ma not credible, the IJ denied Ma's applications for asylum and withholding of removal.[1] The IJ also denied CAT relief.

On appeal, the BIA found no clear error in the IJ's factual findings, including her adverse credibility finding. The BIA stated that Ma was given the opportunity to explain the inconsistencies in the evidence and found that Ma's testimony regarding the level of harm he suffered was internally inconsistent and not reflected in his medical record. The BIA also noted the change in Ma's testimony as to whether he was hit with a chair before or after he confessed to violating the family planning policy. The BIA agreed with the other reasons the IJ presented in her decision for the adverse credibility finding and concluded that, absent credible testimony, Ma did not prove that he suffered past persecution or has a well-founded fear of future persecution. The BIA further found that Ma did not establish his claim with the other evidence submitted. This petition for

---

[1]The IJ further found that, even if credible, Ma did not meet his burden of proof for asylum or withholding of removal. The BIA did not expressly address this ruling in upholding the IJ's decision.

review followed.[2]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the agency's factual findings, including adverse credibility findings, for substantial evidence. Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008). Under this standard, we will uphold the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citations omitted).

Under the Real ID Act, a credibility determination can be based on an applicant's responsiveness, the inherent plausibility of his story, the consistency of the evidence, and other factors, without regard to whether inconsistencies and inaccuracies go to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii). This provision of the Real ID Act applies to Ma's asylum application, which was filed after May 11, 2005. Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007).

Ma argues in his brief that the IJ's adverse credibility finding is not supported by substantial evidence and that his testimony is consistent with the medical reports. Ma states that the reports reflect that he was struck on the head multiple times, which is consistent with his testimony that police beat him multiple times over the week he was detained. Ma admits there is nothing in the reports showing that he was beaten on other parts of his body, but contends that the absence of such evidence does not mean that those injuries did not exist.

---

[2]The BIA also concluded Ma did not meet his burden of proof on his CAT claim. Ma does not pursue this claim in his petition for review.

Although Ma challenged in his administrative appeal the IJ's reliance on his medical records to support her adverse credibility finding, Ma did not assert before the BIA that his medical records reflect that he was struck on the head multiple times. To the extent this argument is properly before us, Ma has not shown that the record compels the conclusion that his testimony and medical records are consistent. The reports reflect that Ma suffered multiple soft-tissue injuries on his head. Ma, however, testified that he was beaten with batons and belts for six or seven consecutive days all over his body, that he was tortured, and that he thought he was going to die. In his written statement, Ma noted that his body was "covered with bruises." A.R. at 435. We find no error in the IJ's reliance on the fact that Ma's medical records only note a head injury to support her adverse credibility finding.

Ma further argues that the IJ and BIA erred in faulting him for changing his testimony regarding whether family planning officials hit him with the chair before or after he admitted his guilt. Ma asserts that the IJ and BIA neglected the fact that his medical records show that he suffered a concussion as a result of his head injury. He contends his memory of the events was not completely clear. In his appeal to the BIA, Ma did not dispute the IJ's statement that his testimony was confused in this regard. This argument is thus not properly before us. Kibinda v. Att'y Gen., 477 F.3d 113, 120 n.8 (3d Cir. 2007).

Ma does not challenge in his brief any of the other bases for the IJ's adverse

6

credibility finding.  Accordingly, we will deny the petition for review.[3]



[3]Ma contends in his brief that he established past persecution on account of his resistance to China's family planning policy.  Because Ma has not shown that the agency's adverse credibility determination is not supported by substantial evidence, we need not address this argument.

7